UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sharon U.,[1]

        Plaintiff,

v.

Frank Bisignano,
*Commissioner of Social Security*,

        Defendant.

Case No. 24-cv-2699 (SGE)

**ORDER**

      The matter is before the undersigned United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636 and Local Rules 7.2(a)(1). Plaintiff, Sharon U. (hereinafter "Plaintiff"), seeks judicial review of the decision of the Commissioner of Social Security ("Defendant") denying her application for disability benefits. This Court has jurisdiction over the claims under 42 U.S.C. § 405(g). Both parties consented to the disposition of the present case by the undersigned Magistrate Judge under 28 U.S.C. § 636(c).

      Pursuant to the Federal Supplemental Rules of Civil Procedure which govern an action seeking judicial review of a decision of the Commissioner of Social Security, the present action should be "presented for decision by the parties' briefs." Fed. R. Civ. P. Supp. SS Rule 5. Plaintiff filed a brief requesting reversal of the Commissioner's final decision and remand to the Social Security Administration for the immediate award of benefits or in the alternative, remand for further administrative proceedings. (Dkt. 14.) Defendant filed a brief asking this Court to affirm

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Order. Thus, when the Court refers to Plaintiff by her name only her first name and last initial are provided.

the Commissioner's underlying decision denying Plaintiff's request for benefits and to dismiss this action. (Dkt. 17.)[2]

For the reasons discussed herein, Plaintiff's request for relief (Dkt. 14) is **GRANTED in part** and **DENIED in part**, and Defendant's request for relief (Dkt. 17) is **DENIED**.

## I. Background

On October 16, 2019, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging a disability onset date of July 5, 2019. (Tr. 188–189.)[3] The Commissioner initially denied Plaintiff's claim on February 11, 2020, and again, upon reconsideration, on October 2, 2020. (Tr. 70–102.) On October 9, 2020, Plaintiff filed a written request for a hearing before an Administrative Law Judge. (Tr. 132–133.)

Administrative Law Judge Nicholas Grey (hereinafter "ALJ") conducted a telephonic hearing on May 11, 2021, at which Plaintiff was represented by legal counsel. (Tr. 11, 34–54.) Plaintiff along with an independent vocational expert Kenneth Ogren testified at the hearing. (Tr. 36–69.) At the May 11, 2021 hearing, Plaintiff amended her alleged onset date to May 1, 2019. (Tr. 40.)

---

[2] The parties also each filed a Motion for Summary Judgment seeking the entry of judgment in their favor. (*See* Mots. (Dkt. 13, 16).) However, the Federal Supplemental Rules of Civil Procedure, which govern this proceeding, no longer permit a party to file a motion for summary judgment in an action seeking judicial review of a decision of the Commissioner of Social Security. Instead, the parties are required to present their arguments to the Court through the filing of memoranda. *See* Fed. R. Civ. P. SS Rule 5. Therefore, Plaintiff's Motion for Summary Judgment (Dkt. 13) and Defendant's Motion to Summary Judgement (Dkt. 16) are stricken as filed in error.

[3] Throughout this Order, the Court refers to the Administrative Record (Dkt. 8, 8-1) by the abbreviation "Tr." Where the Court cites to the Administrative Record, it refers to the page numbers found in the bottom-right corner of each page of the record.

On June 30, 2021, the ALJ issued a decision denying Plaintiff's request for disability benefits. (Tr. 10–31.) The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 10–31.)

Plaintiff thereafter sought review of the decision by the Appeals Council. (Tr. 1–7.) Subsequently, on May 11, 2022, the Appeals Council denied Plaintiff's request for review. (Tr. 947–52.) As a result, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

On July 12, 2022, Plaintiff initiated an action ("2022 Action") in federal court challenging the Commissioner of Social Security's decision to deny Plaintiff's application for disability benefits. *See Sharon U. v. Kijakazi*, 22-cv-1768 (TNL), Compl. (Dkt. 1) (D. Minn. July 12, 2022). Pursuant to a stipulation between the parties, the 2022 Action was remanded, pursuant to sentence four of 42 U.S.C. § 406(g), to the Commissioner of Social Security for further administrative proceedings. *See Sharon U. v. Kijakazi*, 22-cv-1768 (TNL), Order (Dkt. 31) (D. Minn. July 11, 2023).

Upon remand, the Appeals Council rereviewed Plaintiff's claim. (Tr. 959–63.) On July 29, 2023, the Appeals Council issued a decision vacating the ALJ's June 30, 2021 decision; remanding Plaintiff's case to the ALJ[4] for further proceedings; and instructing the ALJ as to various issues he was required to address.

On February 6, 2024, the ALJ held a video hearing, at which Plaintiff was represented by legal counsel. (Tr. 895–924.) Plaintiff along with an independent vocational expert Beverly Solyntjes ("IVE Solyntjes") testified at the hearing. (Tr. 895–924.)

---

[4] ALJ Nicholas Grey remained the ALJ assigned to Plaintiff's case.

On March 14, 2024, the ALJ issued a decision again denying Plaintiff's request for disability benefits. (Tr. 862–94.) The ALJ again concluded that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant period. (Tr. 862–94.)

On July 12, 2024, Plaintiff filed this action. (Compl. (Dkt. 10).) Thereafter, this matter was presented to the Court for review pursuant to the parties' briefs (Dkt. 14, 17), and the Court took the matter under advisement on the written submissions.

## II. Standards of Review

### A. Administrative Law Judge's Five-Step Analysis

If a claimant's initial application for disability benefits is denied, she may request reconsideration of the decision. 20 C.F.R. §§ 404.907–404.909. A claimant who is dissatisfied with the reconsidered decision may then obtain administrative review by an administrative law judge. 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.929.

To determine the existence and extent of a claimant's disability, the administrative law judge must follow a five-step sequential analysis. This analysis requires the administrative law judge to make a series of factual findings about the claimant's impairments, residual functional capacity, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992). The Eighth Circuit has described this five-step process as follows:

> The Commissioner of Social Security [through the administrative law judge] must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to

4

> prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003).

The claimant bears the burden under the Social Security Act of proving she is disabled. *See* 20 C.F.R. § 404.1512(a); *Whitman v. Colvin*, 762 F.3d 701, 705 (8th Cir. 2014). After the claimant has demonstrated she cannot perform any of her prior, relevant work due to a disability, the burden then shifts to the Commissioner to show that the claimant retains the residual functional capacity ("RFC") to engage in some other substantial, gainful activity. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

### B. Appeals Council Review

If the claimant is dissatisfied with the administrative law judge's decision, the claimant may request review by the Appeals Council, although the Appeals Council is not required to grant that request for review. *See* 20 C.F.R. §§ 404.967–404.982. The decision of the Appeals Council (or, if the request for review is denied by the Appeals Council, then the decision of the ALJ) is final and binding upon the claimant, unless the matter is appealed to federal court within sixty days after notice of the Appeals Council's action. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

### C. Judicial Review

If a claimant remains dissatisfied with the final decision of the Commissioner following the resolution of claimant's request for review to the Appeals Council, the claimant may seek judicial review in federal court. Judicial review of the administrative decision generally proceeds by considering the decision of the administrative law judge at each of the five-step sequential analysis discussed above.

Judicial review of the Commissioner's decision to deny disability benefits, however, is constrained to a determination of whether the decision is supported by substantial evidence in the

record as a whole. 42 U.S.C. § 405(g); *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008); *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005); *Buckner v. Apfel*, 213 F.3d 1006, 1012 (8th Cir. 2000). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Buckner*, 213 F.3d at 1012 (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)); *see Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

In reviewing the record for substantial evidence, the Court may not substitute its own judgment or findings of fact for that of the administrative law judge. *Hilkemeyer v. Barnhart*, 380 F.3d 441, 445 (8th Cir. 2004). The possibility that the Court could draw two inconsistent conclusions from the same record does not alone prevent a particular finding from being supported by substantial evidence. *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994). The Court should not reverse the administrative law judge's finding merely because evidence exists in the administrative record to support a conclusion contrary to the Commissioner's findings. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

After balancing the evidence, if it is possible to reach two inconsistent positions from the evidence and one of those positions represents the administrative law judge's decision, the Court must affirm the decision. *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992); *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009). Thus, the Court will not reverse the administrative law judge's "denial of benefits so long as the [administrative law judge's] decision falls within the 'available zone of choice.'" *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). The decision of the administrative law judge "is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." *Id.*

**III. Decision Under Review**

In the present case, the ALJ made the following determinations during the five-step disability evaluation process.

At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits, except for the time from the "second quarter of 2022" through September 30, 2023. (Tr. 868–70.)[5] Because there had been a period of at least twelve months between Plaintiff's alleged onset date and her temporary return to substantial gainful activity, Plaintiff's application for benefits was not decided at this initial step and the sequential analysis continued. This finding is not in dispute. The Court will refer to the time period between May 1, 2019, and the date of the ALJ's decision as "the adjudicated period."

At step two, the ALJ concluded that Plaintiff had the following severe impairments: "breast cancer and lymphedema in the left arm." (Tr. 870.) Plaintiff challenges this finding made by the ALJ at step two.

At step three, the ALJ concluded that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 876–77.) Plaintiff does not challenge the ALJ's findings at step three.

At step four, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform a range of work at a "light" level of exertion, as defined in 20 CFR 404.1567(b), subject to

---

[5] As it relates to the issue of substantial gainful activity, the ALJ's decision contains what appear to be several scrivener's errors. (*See* Tr. 868–70.) On two occasions, the ALJ's decision summarily provides that Plaintiff engaged in substantial gainful activity from "April 1, 2020, through September 30, 2023"; however, the ALJ's discussion specifically discusses why Plaintiff's earnings prior to the "second quarter of 2022" failed to qualify as substantial gainful activity, and the ALJ specifically concludes that the only period of substantial gainful activity was from the "second quarter of 2022" through September 30, 2023. (Tr. 868–70.)

7

      all of the following additional limitations: no more than frequent climbing of ladders, ropes, or scaffolds; no more than frequent handling with the left upper extremity; no more than frequent fingering with the left upper extremity; and no more than occasional overhead reaching with the left upper extremity.

(Tr. 877.) Plaintiff challenges this RFC determination made by the ALJ.

    In reaching this RFC determination, the ALJ found that Plaintiff's "medically determinable impairments reasonably could be expected to cause the symptoms alleged[.]" (Tr. 879.) The ALJ, however, concluded that Plaintiff's "statements (and those made on her behalf), [sic] concerning the intensity, persistence, and functionally limiting effects of the symptoms experienced" during the adjudicated period "are not generally consistent with the objective medical evidence and other evidence used to assess statements, concerning the degree, extent, and severity of the symptoms experienced by" Plaintiff. (Tr. 879.) Plaintiff challenges this credibility determination by the ALJ.[6]

    Based on Plaintiff's RFC determination and relying on the testimony from the independent vocational expert, the ALJ found that Plaintiff was able to perform her past relevant work as a customer service associate, an office assistant, and a receptionist. (Tr. 885–86.) Based on his finding that Plaintiff could perform her past relevant work, the ALJ concluded that Plaintiff was

---

[6] "Social Security Ruling 16-3p eliminates use of the term 'credibility' and clarifies that the Commissioner's review of subjective assertions of the severity of symptoms is not an examination of a claimant's character, but rather, is an examination for the level of consistency between subjective assertions and the balance of the record as a whole." *Noerper v. Saul*, 964 F.3d 738, 745 n.3 (8th Cir. 2020). Although SSR 16-3p eliminated the use of the term "credibility," the elimination "largely changes terminology rather than the substantive analysis to be applied," and in discussing said analysis, Courts have continued to use the "credibility" terminology. *Noerper*, 964 F.3d at 745 n.3; *see Terra M. v. Colvin*, No. 23-cv-3849 (NEB/DLM), 2025 WL 593785, at *10 (D. Minn. Jan. 10, 2025), *report and recommendation adopted sub nom. Terra M. v. Dudek*, 2025 WL 591166 (D. Minn. Feb. 24, 2025); *Ricky T. v. Kijakazi*, No. 20-cv-2088 (LTS), 2023 WL 2664741, at *5 (N.D. Iowa Mar. 28, 2023).

not under a disability, as that term is defined by the Social Security Act, at any time during the adjudicated period. (Tr. 888.)[7]

## IV. Analysis

Plaintiff asserts two overarching arguments in her appeal of the ALJ's decision. Plaintiff first argues that the ALJ erred in his evaluation of Plaintiff's subjective statements regarding the consistency, persistence, and functionally limiting effects caused by her impairments. (Pl.'s Mem. (Dkt. 14) at 1, 16–32.) Specifically, Plaintiff takes issue with the ALJ's evaluation of Plaintiff's testimony that her impairments necessitate work shifts of no more than two hours followed by a rest break of at least three hours, including at least one hour during which she needs to elevate her legs and feet, before she can complete another two-hour work shift. (*See id.*) Plaintiff also argues that the ALJ committed reversible error by failing to consider whether her neuropathy[8] impairment was a severe impairment at step two of the sequential analysis. (Pl.'s Mem. at 1, 12–16.)

Defendant contends that each of Plaintiff's arguments is unavailing. (*See* Def.'s Mem. (Dkt. 17).) On that basis, Defendant asks this Court to affirm the ALJ's decision. (*See id.*)

### A. Plaintiff's Subjective Complaints

When determining an individual's RFC, an ALJ is required to consider the individual's own subjective descriptions of her pain and limitations. *See Masterson v. Barnhart*, 363 F.3d 731,

---

[7] Because the ALJ's finding that Plaintiff could perform her past relevant work is a sufficient, independent basis upon which to concluded that Plaintiff was not disabled as defined by the Social Security Act, *see, e.g.*, *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004), the ALJ's decision did not continue to step five of the sequential analysis.

[8] "Neuropathy" is the "functional disturbance or pathological change in the peripheral nervous system" affecting one or several nerves. *Browning v. Barnhart*, No. 1-cv-637, 2003 WL 1831112, at *7 n.15 (E.D. Tex. Feb. 27, 2003) (quoting Dorland's Illustrated Medical Dictionary, 29th Ed.)); *see Shaw v. Sec'y of Dep't of Health & Hum. Servs.*, No. 1-cv-707, 2013 WL 2897425, at *1 n.2 (Fed. Cl. May 24, 2013).

738 (8th Cir. 2004). An ALJ's evaluation of the individual's subjective statements should be based on the record as a whole. *See Michael R. v. Berryhill*, 18-cv-241 (NEB/KMM), 2019 WL 5149978, at *9 (D. Minn. June 11, 2019), *report and recommendation adopted*, 2019 WL 4233852 (D. Minn. Sept. 6, 2019). The ALJ may discount an individual's subjective statements regarding the consistency, persistence, and functionally limiting effects caused by the individual's impairments if the subjective statements are inconsistent with the evidence as a whole. *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

The ALJ may not, however, reject or discredit an individual's subjective statements regarding the individual's symptoms based solely on a lack of supporting objective medical evidence in support of said subjective statements because, as Courts have long recognized, symptoms are sometimes more severe than the objective medical evidence would indicate. *See, e.g.*, *Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008). The ALJ must consider all relevant evidence, including the claimant's daily activities; the location, duration, frequency, and intensity of pain and other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications taken by the individual to alleviate pain and other symptoms; non-medicinal treatment and measures utilized by the individual for relief of pain or other symptoms; and other factors concerning the individual's functional limitations and restrictions due to pain and other symptoms. *See, e.g., Michael R.*, 2019 WL 5149978, at *9 (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)); *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)).

The ALJ is not required to explicitly discuss all possible factors so long as the ALJ acknowledges and considers the relevant factors before discounting the individual's subjective statements regarding the consistency, persistence, and functionally limiting effects caused by the

individual's impairments. *See Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005); *Grindley*, 9 F.4th at 630. However, if an ALJ decides to discount an individual's subjective statements regarding the individual's symptoms, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms." Social Security Ruling 16-3p, 2016 WL 1119029, at *9; *see Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) ("When rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the *Polaski* factors.") (quoting *Dipple v. Astrue*, 601 F.3d 833, 837 (8th Cir. 2010)).

In the present case, Plaintiff provided ample testimony regarding the consistency, persistence, and functionally limiting effects of her symptoms. At the May 11, 2021 administrative hearing and the February 6, 2024 administrative hearing, Plaintiff provided testimony regarding the symptoms of her neuropathy impairment and the effects those symptoms had on her ability to perform certain functions. (*See, e.g.*, Tr. 917–20, 996–97.) Plaintiff testified that when she was temporarily working as a van driver, she was only able to sit for a period of two hours before she needed a three-hour break before performing two more hours of work. (Tr. 917.) Plaintiff further testified that during the necessary three-hour break she needed to elevate her lower extremities for at least one hour to counteract the swelling of her legs and feet caused by her neuropathy. (Tr. 917, 920.)

Despite the abundancy of testimony from Plaintiff regarding the consistency, persistence, and functionally limiting effects of her symptoms, the ALJ's decision lacks any substantive discussion regarding the ALJ's consideration of Plaintiff's subjective statements about her

11

symptoms. After summarizing Plaintiff's subjective statements, including Plaintiff's testimony at the administrative hearings, the ALJ made the following determination:

> After careful consideration of the evidence, I find that, although the claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged, nevertheless, the claimant's statements (and those made on her behalf), [sic] concerning the intensity, persistence, and functionally limiting effects of the symptoms experienced since the amended alleged disability onset date, May 1, 2019, are not generally consistent with the objective medical evidence and other evidence used to assess statements, concerning the degree, extent, and severity of the symptoms experienced by the claimant.

(Tr. 879.) This is the only portion of the ALJ's decision addressing Plaintiff's subjective statements regarding the effects of her symptoms. (*See* Tr. 865–88.)

This conclusory discussion by the ALJ is entirely insufficient to satisfy the ALJ's obligation to provide specific reasons for discounting Plaintiff's subjective statements, as well as the ALJ's obligation to adequately articulate those reasons so that this Court can determine whether substantial evidence supports the ALJ's evaluation of Plaintiff's subjective statements. *See, e.g.*, *Smith v. Comm'r, Soc. Sec. Admin.*, 738 F. App'x 889, 892 (8th Cir. 2018); *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991); *Simmers v. Saul*, 478 F. Supp. 3d 747, 759 (S.D. Iowa 2020); *Phillips v. Saul*, No. 19-cv-34 (BD), 2020 WL 3451519, at *4 (E.D. Ark. June 24, 2020). Here, the ALJ's conclusory assertion is patently insufficient to satisfy this obligation. Without any discussion from the ALJ regarding the consideration of the relevant factors or even any mention of the factors to be considered "the Court is unable to determine if the ALJ found good reasons to discount the testimony or if those reasons are supported by substantial evidence on the record as a whole." *Simmers*, 478 F. Supp. 3d at 759.[9]

---

[9] Although the ALJ's decision provided a subsequent summarization of Plaintiff's medical history and other evidence in the record, that summary does not fulfill the ALJ's obligation to articulate "good reasons" for discounting Plaintiff's subjective statements when the summary of the evidence

Defendant argues that the ALJ's decision to discount Plaintiff's subjective statements is supported by "good reasons" because no medical professional recommended that Plaintiff take long breaks or elevate her legs and because no State agency medical consultant determined that Plaintiff needed long breaks or needed to elevate her legs. (Def.'s Mem. at 11.) Defendant's argument here is unpersuasive because it improperly relies on post-hoc rationales which were not proffered by the ALJ in his discussion of Plaintiff's subjective statements. *See, e.g.*, *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)); *Gerald L. v. Kijakazi*, No. 20-cv-1352 (KMM/TNL), 2022 WL 4472749, at *25 (D. Minn. July 26, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 4465958 (D. Minn. Sept. 26, 2022); *Gregory F. v. O'Malley*, No. 23-cv-3787 (LMP/LIB), 2025 WL 308085, at *6 (D. Minn. Jan. 7, 2025), *report and recommendation adopted sub nom. Gregory F. v. King*, 2025 WL 307420 (D. Minn. Jan. 27, 2025); *Sara Z. v. Kijakazi*, No. 22-cv-226 (DSD/TNL), 2023 WL 5753627, at *29 (D. Minn. July 31, 2023), *report and recommendation adopted*, 2023 WL 5624006 (D. Minn. Aug. 31, 2023).[10]

---

fails to corelate said evidence to any factor relevant to the consideration of Plaintiff's subjective statements and fails to provide any indication as to how said evidence contradicts Plaintiff's subjective statements. *See, e.g.*, *Simmers*, 478 F. Supp. 3d at 759.

[10] Defendant also argues that Plaintiff's subjective statements regarding the need for lengthy breaks and to elevate her legs for extended periods of time is inconsistent with the evidence in the record because Plaintiff never specifically informed a medical professional of those needs. (Def.'s Mem. at 11.) A lack of evidence demonstrating that Plaintiff failed to inform a medical profession of her need for breaks and for elevating her legs is not a basis upon which to find her statements inconsistent with the record as a whole because the record is replete with her reports to medical professions regarding the symptoms she experienced which she argues caused the need for extended breaks and the need for elevating her legs. *See Holmstrom v. Massanari*, 270 F.3d 715, 722 n.6 (8th Cir. 2001) (citing *Taylor v. Chater*, 118 F.3d 1274, 1277–78 (8th Cir. 1997)). Moreover, Defendant's argument here is again an improper post-hoc rationalization not proffered by the ALJ.

This Court's review of the ALJ's decision is limited to the grounds identified in the ALJ's decision, and the ALJ's decision cannot be sustained on the basis of post-hoc rationalizations of appellate counsel. *See, e.g., Stacey S. v. Saul*, No. 18-cv-3358 (ADM/TNL), 2020 WL 2441430, at *15 (D. Minn. Jan. 30, 2020), *report and recommendation adopted*, 2020 WL 1271163 (D. Minn. Mar. 17, 2020); *Violet G. v. Kijakazi*, No. 21-cv-2105 (TNL), 2023 WL 2696594, at *6 n.4 (D. Minn. Mar. 29, 2023) (citing *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 715 n.7 (8th Cir. 1979)). Put differently, the Court's review of an ALJ's decision is limited to the consideration of "the agency's rationale for its decision, and if that rationale is inadequate or improper the court must reverse and remand for the agency to consider whether to pursue a new rationale for its decision or perhaps to change its decision." *Shanda v. Colvin*, No. 14-cv-1838 (MJD/JSM), 2015 WL 4077511, at *29 (D. Minn. July 6, 2015). Defendant may not demonstrate that "good reasons" support the ALJ's decision to discount Plaintiff's subjective statements by relying on rationales other than those specifically proffered by the ALJ.

Defendant also unpersuasively argues that the record as a whole provides "good reasons" for discounting Plaintiff's subjective statements because Plaintiff engaged in substantial gainful activity for most of the adjudicated period. (Def.'s Mem. at 10–11.) This contention is, however, based on a scrivener's error in the ALJ's decision. (*Compare* Def.'s Mem. at 4 *with* Tr. 868–70.) Although Defendant asserts that the ALJ determined Plaintiff engaged in substantial gainful activity from April 1, 2020, through September 30, 2023, the ALJ actually determined that Plaintiff engaged in substantial gainful activity only from the "second quarter of 2022" through September

14

30, 2023. (Tr. 868–870). Plaintiff did not, as Defendant contends, engage in substantial gainful activity for "most" of the adjudicated period.[11]

For all the reasons discussed above, the ALJ erred in his consideration of Plaintiff's subjective descriptions of the consistency, persistence, and functionally limiting effects of her symptoms by failing to provide good reasons for discounting Plaintiff's subjective statements. The question remains as to whether this error requires remand. *See Simmers*, 478 F. Supp. 3d at 759.

Even when an ALJ commits an error, reversal of an ALJ's decision is not required if the error was harmless. *Grindley*, 9 F.4th at 629. An error is harmless if "[t]here is no indication that the ALJ would have decided differently" if the error had not occurred. *Id.* (bracket in *Grindley*). If the ALJ's conclusory discussion of the challenged decision precludes the Court from being able to meaningfully review the ALJ's at-issue decision, then the ALJ's error is not harmless because the Court is unable to "determine whether the ALJ would have reached the same decision denying benefits, even if he had followed the proper procedure[.]" *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) (quoting *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003)). The plaintiff bears the burden of demonstrating that an error was harmful. *See, e.g.*, *Jennifer K. v. Kijakazi*, No. 22-cv-700 (NEB/DTS), 2023 WL 3998033, at *3 (D. Minn. May 26, 2023) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)), *report and recommendation adopted*, 2023 WL 3996239 (D. Minn. June 14, 2023).

In the present case, Plaintiff testified that after working for two hours she needed to take a three-hour break before returning to work for another two hours, and she further testified that during that three-hour break she need to elevate her legs for at least one hour. (*See, e.g.,* Tr. 920.)

---

[11] Further, Defendant's argument here is again an improper post-hoc rationalization not proffered by the ALJ.

At the February 6, 2024 Motions Hearing, the independent vocation expert provided testimony indicating that Plaintiff's need to elevate her legs for one hour per day would preclude her from being able to perform not only light work but also sedentary work. (Tr. 921.) The independent vocational expert also provided testimony indicating that Plaintiff's need for a three-hour break after two hours of work would be outside the customary tolerances of competitive employment. (Tr. 922–23.)

Put differently, if Plaintiff's subjective testimony is credited and it is determined that the limitations in her subjective statements are caused by medically determinable impairments, then the independent vocational experts testimony provides that no competitive work would be possible for Plaintiff, and therefore, a finding of disability would be warranted. *See* 20 C.F.R. §§ 404.1545(a)(2), 404.1545(e), 404.1529. Plaintiff's subjective statements combined with the testimony from the independent vocational expert sufficiently demonstrates that a different conclusion could have been reached if the ALJ had not erred. Therefore, the ALJ's error is not harmless. Additionally, the ALJ's error is not harmless because it impedes meaningful judicial review. *See, e.g.*, *Brueggemann*, 348 F.3d at 695; *Lucus*, 960 F.3d at 1070. Consequently, remand is appropriate.[12]

### B. Type of Remand

The decision remains for the undersigned to determine whether the present case should be remanded to the Social Security Administration for further consideration or if entry of an

---

[12] Because the Court finds that remand is warranted based on the ALJ's error in his evaluation of Plaintiff's subjective descriptions of the limitations caused by her impairments, the Court need not consider Plaintiff's alternative arguments in support of remand. Moreover, remand for further consideration of the issues already addressed above will necessarily alter the nature of the circumstances underlying Plaintiff's other arguments.

immediate award of benefits is proper. The Court finds that remand for further consideration is appropriate in this case.

After determining that the Commissioner's decision is not supported by substantial evidence, a reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see Papesh v. Colvin*, 786 F.3d 1126, 1135 (8th Cir. 2015). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see Papesh*, 786 F.3d at 1135. Where there is conflicting evidence in the record, the Court should remand the case back to the Commissioner for further consideration. *See Faucher*, 17 F.3d at 176.

While it is possible that Plaintiff will be entitled to benefits, this Court cannot say that such a determination can be made as a matter of undisputed fact on the present record. Plaintiff argues that she is entitled to an award of benefits because there is no evidence in the record refuting her need for extended breaks and because the independent vocational expert presented testimony providing that the need for said breaks would preclude competitive employment. (Pl.'s Mem. at 32.) While the vocational expert did testify that the need for such breaks would preclude competitive employment, Plaintiff's assertion that there is no evidence refuting her need for extended breaks is based on only her interpretation of the evidence in the record. Although there is evidence strongly suggesting that Plaintiff is entitled to an award of benefits, there is also evidence to the contrary. Similarly, the evidence in support of Plaintiff being awarded benefits cannot be said to be so overwhelming as to permit the Court to make an award of benefits at this time.

Plaintiff also argues that an immediate award of benefits is warranted because of changes in the rules governing the Social Security Administration's consideration of "past relevant work," which Plaintiff asserts will be applicable to her claim upon remand and will result in a finding that Plaintiff has no past relevant work. (*See* Pl.'s Mem. at 33.) Plaintiff further contends that this finding of no past relevant work would result in a determination that Plaintiff is disabled pursuant to the Social Security Administration's Grid Rule. (*Id.*)

After the most recent administrative hearing on Plaintiff's application for disability benefits, the Social Security Administration amended its rules governing the evaluation of past relevant work to limit the consideration of said work to a period of only five years as opposed to the fifteen-year period considered at the time of the ALJ's underlying decision. *See* 20 C.F.R. § 404.1560(b)(1)(i). The new rule became effective on June 22, 2024. *See id*. But the new, amended rule appears to retroactively apply to any application for benefits remanded back to the Social Security Administration for further administrative proceedings after June 22, 2024, even if the remanded application was initially filed before the new rule came into effect. *See* SSR 24-2P, 89 Fed. Reg. 48479 at 2 n.1, 2024 WL 3291790 at 2 n.1 (June 6, 2024).

If the new rule is applied to Plaintiff's application upon remand, then it appears likely that it will result in a finding that she has no past relevant work. It also appears that the application of Grid Rule 202.00 would dictate a finding that Plaintiff is disabled based on Plaintiff's age, education, and lack of past relevant work. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2, Rule 202.00. Moreover, Grid Rule 202.00 would ostensibly require a finding that Plaintiff is disabled even if the ALJ, upon remand, were to again conclude that Plaintiff was capable of "light" work as the ALJ did in his March 14, 2024, decision. *Id.* Although Grid Rule 202.00 appears to control and result in a finding of disability, that determination is for the Social Security Commissioner—not

18

this Court—to undertake in the first instance. *See Papesh*, 786 F.3d at 1136 (finding that Grid Rule 201.14 appeared to control and required a finding that the plaintiff was disabled but remanding for the Social Security Commissioner to make that determination).

Consequently, the Court declines to remand for an immediate award of benefits. Instead, the Court remands the present case to the Commissioner so that a determination may be made in a manner consistent with this Order and on the medical evidence in the record. Although Plaintiff expresses understandable frustration that a remand for further consideration will prolong her receiving a final decision on her application for benefits which has been pending for more than five and a half years, Plaintiff fails to cite any legal authority providing that the passage of time alone is a sufficient basis upon which to remand for an immediate award of benefits. (*See* Pl.'s Mem. at 10.)

Thus, to the extent Plaintiff seeks an Order of this Court remanding the present action to the Social Security Administration for further administrative proceedings consistent with this Order, Plaintiff's request is **GRANTED**. However, to the extent Plaintiff seeks an Order of this Court reversing the Commissioner's final decision and remanding this proceeding to the Social Security Administration for an immediate award of benefits, Plaintiff's request is **DENIED**.

## V. Conclusion

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Summary Judgment, (Dkt. 13), is **STRICKEN as filed in error**;
2. Defendant's Motion for Summary Judgment, (Dkt. 16), is **STRICKEN as filed in error**;

3. Plaintiff's request for relief, (Dkt. 14), is **GRANTED in part** and **DENIED in part**, as set forth above;

4. Defendant's request for relief, (Dkt. 17), is **DENIED**; and

5. The above captioned matter is **REMANDED** to the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: September 8, 2025                              *s/Shannon G. Elkins*
                                                      Hon. Shannon G. Elkins
                                                      United States Magistrate Judge